# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# CLEVELAND DIVISION

| | |
|---|---|
| **JOSEPH FILAK, JR.**, <br><br> vs. <br><br> TRANSWORLD SYSTEMS, INC., AMERICAN EDUCATION SERVICES, INC., NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-3, EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC., and TRANS UNION, LLC. | CASE NO. <br><br> **JUDGE** |

**COMPLAINT**
**(JURY TRIAL DEMANDED)**

COMES NOW the Plaintiff, **JOSEPH FILAK, JR.**, by counsel, (hereafter "Plaintiff"), and for his complaint against each of the Defendants, alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees pursuant to 15 U.S.C. §1681, et seq. (Fair Credit Reporting Act or "FCRA").

2. Before the enactment of the FCRA, inaccurate and misleading information was identified as "the most serious problem in the credit reporting industry." 115 Cong. Rec. 2411 (Jan. 31, 1969). With this problem in mind, Congress enacted the FCRA in 1970 to ensure the "confidentiality, accuracy, relevancy, and proper utilization" of credit reports. 15 U.S.C. § 1681(b).

3. To accomplish Congress' goals, the FCRA contains a variety of requirements to protect consumers, including § 1681e(b), which is one of the cornerstone provisions of the

1

FCRA. Whenever a consumer reporting agency prepares a consumer report, § 1681e(b) requires consumer reporting agencies ("CRA") to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. 15 U.S.C. § 1681e(b). This section imposes a high, and often disregarded, standard on consumer reporting agencies. *See, e.g.*, *Burke v. Experian Info. Sols., Inc.*, 2011 WL 1085874, at *4 (E.D. Va. Mar. 18, 2011) (breaking down the requirements of § 1681e(b), and explaining that "'assure' means 'to make sure or certain: put beyond all doubt,'" "'[m]aximum' means the 'greatest in quantity or highest degree attainable[,]' and 'possible' means something 'falling within the bounds of what may be done, occur or be conceived.'" (quoting *Webster's Third New International Dictionary* 133, 1396, 1771 (1993)).

## JURISDICTION AND VENUE

4. The jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. § 1331.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1).

## PARTIES

6. The Plaintiff, Joseph Filak, Jr. is a natural person and "consumer" as defined by § 1681a(c) of the FCRA.

7. Upon information and belief, Transworld Systems, Inc. ("**Transworld**") is a foreign corporation authorized to do business in the State of Ohio through its registered offices in Columbus, Ohio. At all relevant times alleged in this Complaint, **Transworld** was a furnisher as governed by the FCRA.

8. Upon information and belief, American Education Services, Inc. ("**AES**") is a foreign corporation headquartered in Harrisonburg, Pennsylvania. At all relevant times alleged in

this Complaint, **AES** was a furnisher as governed by the FCRA.

9. Upon information and belief, National Collegiate Student Loan Trust 2006-3 ("**National Collegiate Trust**") is a Delaware statutory trust. At all relevant times alleged in this Complaint, **National Collegiate Trust** was a furnisher as governed by the FCRA.

10. Upon information and belief, Experian Information Solutions, Inc., ("**Experian**") is a corporation authorized to do business in the State of Ohio through its registered agent's office in Columbus, Ohio.

11. Upon information and belief, **Experian** is a "consumer reporting agency" as defined in 15 U.S.C. §1681a(f) and regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

12. Upon information and belief, **Experian** disseminates such consumer reports to third parties under contract for monetary compensation.

13. Upon information and belief, Equifax Information Services, LLC. ("**Equifax**") is a foreign limited liability company authorized to do business in the State of Ohio through its registered offices in Columbus, Ohio.

14. Upon information and belief, **Equifax** is a "consumer reporting agency", as defined in 15 U.S.C. §1681a(f) and regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties.

15. Upon information and belief, **Equifax** disseminates such consumer reports to third parties under contract for monetary compensation.

16. Upon information and belief, Trans Union, LLC, ("**Trans Union**") is a foreign

limited liability company authorized to do business in the State of Ohio through its registered offices in Columbus, Ohio.

17. Upon information and belief, **Trans Union** is a "consumer reporting agency", as defined in 15 U.S.C. §1681a(f) and regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties.

18. Upon information and belief, **Trans Union** disseminates such consumer reports to third parties under contract for monetary compensation.

## FACTS

19. On or about August 3, 2006, Plaintiff's son, Joseph Filak, III, obtained a student loan to attend Cleveland State University.

20. On or about May 23, 2014, **National Collegiate Trust** filed a complaint against Plaintiff and Joseph Filak III for monies due on the student loan in the Lorain County Court of Common Pleas.

21. On or about September 29, 2015, the Court ordered, without objection, that Joseph Filak, Jr. be dismissed from the lawsuit and released from owing the student loan debt.

22. Thereafter, on October 16, 2015, a Consent Judgment was entered against Joseph Filak, III, only.

23. Upon information and belief, **National Collegiate Trust** acquires pools of private student loans and services and collects on the loans. **National Collegiate Trust** relies on servicers, such as **AES** to service the loans, and sub-servicers, such as **Transworld Systems**, to collect debts.

24. On or about May 3, 2017, Plaintiff applied for a loan with Window Nation for

home improvements to his home. Plaintiff was denied for the loan based on his **Trans Union** credit file. Plaintiff was confused and upset because he had never been denied credit in his life.

25. Plaintiff thereafter contacted **Trans Union** and made a dispute concerning **AES/NCT** (American Education Services/National Collegiate Trust) and **Transworld Systems** accounts for reporting derogatorily on his credit report. On June 2, 2017, **Trans Union** notified the Plaintiff that it had deleted the **AES/NCT** account, but it had verified the **Transworld Systems** collection account as being accurate. **Transworld** was reporting a collection account with a balance in the amount of $38,696.

26. Plaintiff also obtained a copy of his Consumer Disclosures from **Equifax** in June 2017.

27. Plaintiff learned that **Equifax** was reporting the student loan as being owed to **National Collegiate Trust**. This account was being reported as a derogatory charged off and transferred/sold.

28. On or about July 23, 2017, Plaintiff sent a written dispute letter to **Equifax** that included his identifying information, including his full social security number and date of birth, and which disputed the student loan reporting.

29. On or about August 22, 2017, **Equifax** notified Plaintiff that the **National Collegiate Trust** account had been verified and belonged to him and reported as a derogatory charged off student loan account that had been transferred or sold.

30. Plaintiff obtained a copy of his Consumer Disclosure from **Experian** in June 2017.

31. **Experian** was reporting the student loan account as being owed to **American Education Services (AES)**. The account was reporting that it had been written off in the

amount of $32,268 and transferred to another lender.

32. In or about June 2017, Plaintiff sent a written dispute letter to **Experian** that included his identifying information, including his full social security number and date of birth and disputed the **American Education Services account (AES)**.

33. On or about July 12, 2017, **Experian** forwarded its dispute results to Plaintiff advising him that the information had been verified as accurate. The **AES/NCT** derogatory account was still being reported as transferred/closed with $32,268 written off.

34. In or about July 23, 2017, Plaintiff sent a second written dispute letter to **Experian** that included his identifying information, including his full social security number and date of birth and disputed the **American Education Services account (AES).**

35. On or about August 8, 2017, **Experian** advised the Plaintiff that it was unable to process his request to dispute because he did not provide his social security number. **Experian** requested that Plaintiff provide it with the following: "a) [his] full name, including middle initial (and generation such as Jr., III); b) previous addresses for the past two years; c) Social Security number; d) date of birth; e) one copy of a government issued identification card, such as a driver's license, state ID card, and f) one copy of a utility bill, bank or insurance statement, etc."

36. **Experian, Equifax** and **Trans Union** had actual knowledge of the inaccuracy and deliberately chose to ignore and permit the reporting of the inaccurate student loan account in Plaintiff's credit report.

37. After receiving **Transworld, AES's and National Collegiate Trust's** responses to Plaintiff's disputes, **Experian, Equifax** and **Trans Union** each published to third-parties multiple inaccurate consumer reports about Plaintiff that contained the inaccurate derogatory student loan account.

38. Upon information and belief, Plaintiff alleges that **Trans Union** forwarded Plaintiff's dispute to **Transworld**. Upon information and belief, **Transworld** was provided notice of Plaintiff's dispute and despite this notice, failed and refused to investigate and correct its inaccurate reporting.

39. Upon information and belief, Plaintiff alleges that **Experian** forwarded Plaintiff's dispute to **AES**. Upon information and belief, **AES** was provided notice of Plaintiff's dispute and despite this notice, failed and refused to investigate and correct its inaccurate reporting.

40. Upon information and belief, Plaintiff alleges that **Equifax** forwarded Plaintiff's dispute to **National Collegiate Trust**, or one of its servicers acting as **National Collegiate Trust's** agent. Upon information and belief, **National Collegiate Trust**, or one of its agents, was provided notice of Plaintiff's dispute and despite this notice, failed and refused to investigate and correct its inaccurate reporting.

41. **Experian, Equifax** and **Trans Union** each received Plaintiff's disputes, but in each case wholly and entirely failed to conduct the reinvestigations required by law. Instead **Experian, Equifax** and **Trans Union** merely "parroted" the information dictated to it by its furnisher customers, **Transworld, AES** and **National Collegiate Trust**.

**COUNT ONE: VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681e(b)**
**(Experian, Equifax, and Trans Union)**

42. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

43. **Experian, Equifax** and **Trans Union** each violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports each furnished and maintained concerning Plaintiff.

44. As a result, **Experian, Equifax** and **Trans Union** violations of 15 U.S.C. §1681e(b), Plaintiff suffered actual damages including but not limited to: inconvenience, loss of credit, loss of time, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

45. The violations by **Experian, Equifax** and **Trans Union** were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, **Experian, Equifax** and **Trans Union** were negligent entitling the Plaintiff to recovery under 15 U.S.C. §1681o.

46. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from **Experian, Equifax** and **Trans Union** in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### COUNT TWO: VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i(a)
### (Experian, Equifax, and Trans Union)

47. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

48. **Experian, Equifax** and **Trans Union** each violated 15 U.S.C. §1681i(a) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the inaccurate reporting of information in the Plaintiff's credit file.

49. **Experian, Equifax** and **Trans Union** each violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff.

50. **Experian, Equifax** and **Trans Union** each violated 15 U.S.C. §1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate reporting of information from the Plaintiff's

credit file or modify the item of information upon a lawful reinvestigation.

51. As a result, **Experian, Equifax** and **Trans Union's** violations of 15 U.S.C. §1681i(a), Plaintiff suffered actual damages, including but not limited to: inconvenience, loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

52. The violations by **Experian, Equifax** and **Trans Union** were willful, rendering **Experian, Equifax** and **Trans Union** liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, **Experian, Equifax** and **Trans Union** were negligent entitling the Plaintiff to recovery under 15 U.S.C. §1681o.

53. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from **Experian, Equifax** and **Trans Union** in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681s-2(b)(1)
### (Transworld, AES and National Collegiate Trust)

54. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

55. On at least one occasion within the past two years, by example only and without limitation, **Transworld, AES** and **National Collegiate Trust** violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to fully and properly investigate Plaintiff's disputes.

56. **Transworld, AES** and **National Collegiate Trust** understood the nature of Plaintiff's disputes when it received them from **Experian, Equifax** and **Trans Union**.

57. On one or more occasions within the past two years, by example only and without limitation, **Transworld, AES** and **National Collegiate Trust** each violated 15 U.S.C. §1681s-

2(b)(1)(B) by failing to review all relevant information provided by **Experian, Equifax** and **Trans Union**

58. On one or more occasions within the past two years, by example only and without limitation, **Transworld, AES** and **National Collegiate Trust** violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(C) and (D) by publishing the **Transworld, AES** and **National Collegiate Trust** representations within Plaintiff's credit files with **Experian, Equifax** and **Trans Union** without also including a notation that this debt was disputed and by failing to correctly report results of an accurate investigation to each other credit reporting agency.

59. As a result of **Transworld, AES** and **National Collegiate Trust's** violations of 15 U.S.C. §1681s-2(b)(1), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

60. The violations of §1681s-2(b)(1) by **Transworld, AES** and **National Collegiate Trust** were willful, rendering each of them individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, **Transworld, AES** and **National Collegiate Trust** were negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

61. The law in this District, and even nationally has long ago been articulated to require a detailed and searching investigation by a creditor when it receives a consumer's FCRA dispute through a CRA. *See Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 616 (6th Cir. 2012); *Johnson v. MBNA Am. Bank, N.A.*, 357 F.3d 426, 431 (4th Cir. 2004); *Watson v. Citi Corp.*, No. 2:07-cv-0777, 2009 WL 161222 (S.D. Ohio Jan. 22, 2009).

62. **Transworld, AES** and **National Collegiate Trust** were aware of these decisions

when it followed the ACDV procedures used regarding Plaintiff's disputes.

63. **Transworld, AES** and **National Collegiate Trust** have been sued numerous times for its alleged failures to conduct lawful FCRA investigations.

64. On information and belief, Plaintiff alleges that the procedures followed by **Transworld, AES** and **National Collegiate Trust** regarding Plaintiff's FCRA disputes through e-Oscar were the procedures that **Transworld, AES** and **National Collegiate Trust** intended its employees or agents to follow.

65. On information and belief, Plaintiff alleges that **Transworld, AES** and **National Collegiate Trust's** employees, or agents did not make a mistake (in the way in which he or she followed each entities' procedures) when he or she received, processed and responded to the **Experian, Equifax** and **Trans Union**'s ACDVs.

66. As a result of **Transworld, AES** and **National Collegiate Trust's** violations, Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

67. The violations by **Transworld, AES** and **National Collegiate Trust** were willful, rendering each individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, **Transworld, AES** and **National Collegiate Trust** were negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

68. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from **Transworld, AES** and **National Collegiate Trust** in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

WHEREFORE, Plaintiff demands judgment for actual, statutory and punitive damages against each of the Defendants, jointly and severally; for his attorney's fees and costs; for pre-

judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

**TRIAL BY JURY IS DEMANDED**.

**JOSEPH FILAK, JR.**,

By: */s/* Matthew A. Dooley
Matthew A. Dooley (0081482)
**O'TOOLE, MCLAUGHLIN, DOOLEY & PECORA**
5455 Detroit Road
Sheffield Village, Ohio 44054
Telephone: (440) 930-4001
Facsimile: (440) 934-7208
Email: mdooley@omdplaw.com

Elizabeth W. Hanes, VSB# 75574
Leonard A. Bennett, VSB# 37523
Craig C. Marchiando, VSB# 89736
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Email: elizabeth@clalegal.com
Email: lenbennett@clalegal.com
Email: craig@clalegal.com
*Pro Hac Vice Forthcoming*

*Counsel for Plaintiff*